VIP BHOLA, ESQ (SBN 183980)
The Law Offices Vip Bhola
5429 Cahuenga Blvd., Suite 101
North Hollywood, CA 91601
T: (818) 347-5297
E: vbhola@icloud.com

*Attorneys for Plaintiff-Appellant
Dr. Mehmet Veli Aslan, M.D.*

October 22, 2025

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: Motion to Reinstate Appeal Pursuant to Ninth Circuit Rule 42-1
    Case No. 25-3841
    Mehmet Veli Aslan, M.D. v. Nazanin Mazgani, et al.
    District Court No. 2:24-cv-02762-WLH-SK (C.D. Cal.)

Dear Clerk Dwyer:

    On behalf of Plaintiff-Appellant Dr. Mehmet Veli Aslan, M.D., I respectfully and sincerely ask for the reinstatement of the appeal referenced above, which was dismissed on October 20, 2025, under Ninth Circuit Rule 42-1 due to the late submission of the opening brief. Thank you for considering this request. I sincerely apologize to this Court for my mistake, and I regret any impact it may have caused. There has never been—and there will never be—any intention to obstruct this Court's proceedings or postpone the pursuit of justice. Dr. Aslan and I have dedicated significant effort to finding a swift resolution to this matter, as it raises urgent constitutional questions that need this Court's careful attention.

1

This letter is to formally express the Appellant's request to reinstate the appeal, under Ninth Circuit Rule 42-1, Federal Rule of Appellate Procedure 27, and the guiding principles established in *Blixseth v. Credit Suisse*, 961 F.3d 1074, 1080 (9th Cir. 2020), and *Radici v. Associated Insurance Cos.*, 217 F.3d 737, 746 (9th Cir.). I kindly ask this Court to reinstate the appeal and grant the Appellant the ability to file the proposed Opening Brief (which has been filed separately pursuant to Court instructions). Thank you for your consideration.

### I. STATEMENT OF FACTS

**1. The Dismissal Order and Circumstances Leading to It**

On October 20, 2025, the Court dismissed the appeal because the opening brief wasn't filed by the deadline, as allowed by Ninth Circuit Rule 42-1. [Exhibit A: Order of Dismissal, Dkt.: 13.1]. I take full responsibility for this failure. The situation around this dismissal calls for reinstatement, and I hope the Court can use its discretion to make that happen for justice.

**2. Active Prosecution and Good Faith Engagement**

At the time of dismissal, the Appellant was working hard and committed to pursuing this appeal. On 06/27/2025, the Appellant submitted a Motion for Summary Reversal, which reflects their continued commitment to this Court and highlights the important and pressing nature of the issues at hand. The opening brief is finished, and is being filed as a separate document pursuant to Court instructions. This reflects our commitment to being thorough, respectful, and precise in addressing the important constitutional questions at hand, rather than any neglect.

**3. Administrative Confusion Regarding Filing Deadlines**

The missed deadline was due to an administrative error in calculating the due date, and we understand how frustrating that can be. This was not an intentional oversight, but a scheduling error made more challenging by the need to juggle multiple overlapping deadlines, including the bankruptcy proceedings that have now stretched into their seventh year, making it the longest Subchapter V case on record. While this explanation does not excuse the error, it shows the absence of any intent to delay or obstruct.

Further, the opposing party claims to have submitted a Request for Judicial Notice of 8 voluminous documents, that would have been hundreds if not thousands of pages. However, all I received was a bare 2 page proposed Order [DOC 17-1] regarding their Request for Judicial Notice, which I attach hereto as **Exhibit B**. As can be seen, this document is numbered page 463 and 464. The next document filed is DOC 18, which starts with page number 465 and ends with 479.

**4. No Prejudice to Appellees**

Critically, Appellees have suffered no prejudice from the brief delay. The appeal was dismissed only 2 days ago, October 20, 2025, and no responsive brief has been due or filed. Appellees' counsel has not been harmed, inconvenienced, or deprived of any procedural advantage. The equities overwhelmingly favor reinstatement where, as here, the only consequence of the missed deadline is a procedural technicality—not substantive harm to any party.

**5. Readiness to File Immediately**

The appellant is ready to submit the opening brief, and file it as a separate document pursuant to Court instructions. I'm pleased to inform you that the brief is complete, carefully checked for citations, and formatted to meet the requirements of Ninth Circuit Rules 28-1, 28-2.2, and 32-1. The appellant is seeking a small but important correction: the opportunity to fix an administrative error and move forward to address the core issues.

## II. LEGAL BASIS FOR REINSTATEMENT

### A. Ninth Circuit Rule 42-1 Grants Discretion to Reinstate Appeals

Ninth Circuit Rule 42-1 states that when "an appellant fails to file a timely record, pay the docket fee, file a timely brief, or otherwise comply with rules requiring processing the appeal for hearing, an order may be entered by the clerk dismissing the appeal." However, this rule is not required or absolute. It expressly permits the Court to "take such other action as it deems appropriate," including reinstatement. The rule's permissive language—"*may* be entered"—confirms this Court's broad discretion to tailor remedies to the circumstances of each case.

This Court routinely exercises that discretion for reinstatement where, as here, dismissal would work a manifest injustice disproportionate to the procedural lapse. *See Blixseth v. Credit Suisse*, 961 F.3d 1074, 1080 (9th Cir. 2020); *Radici v. Associated Insurance Cos.*, 217 F.3d 737, 746 (9th Cir. 2000).

### B. Dismissal Is a "Harsh Penalty" Reserved for "Extreme Circumstances"

This Court has repeatedly emphasized that "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances," because "public policy favor[s] disposition of cases on their merits." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *accord Blixseth*, 961 F.3d at 1080 (quoting *Henderson* and declining to dismiss where circumstances did not justify such a drastic sanction).

### 1. The Teachings of *Blixseth v. Credit Suisse*

In *Blixseth*, this Court acknowledged that while it "routinely dismiss[es] cases pursuant to Rule 42-1 when an appellant fails to file an opening brief," it has "chosen not to dismiss" in circumstances involving good faith efforts, lack of prejudice, and disproportionate harshness. 961 F.3d at 1080. The Court recognized that dismissal must be reserved for cases involving willful defiance, repeated violations, or substantial prejudice of which are present here.

**2. The Precedent of *Radici v. Associated Insurance Cos.***

*Radici* is instructive. There, the appellant filed a Civil Appeal Docketing Statement late, in violation of an order that "specifically provided that failure to file [the statement] in timely manner would result in dismissal." 217 F.3d at 746. Despite this explicit warning, this Court declined to dismiss, reasoning that "Appellees' counsel conceded that Appellants' delay . . . did not prejudice or harm her clients' interests," making dismissal "appear[] harsher than necessary." *Id.*

If this Court refused to dismiss an appeal where the appellant violated an *explicit order warning of dismissal*, it should exercise similar mercy here, where:

- No such explicit warning was violated;
- The delay was minimal (one day past dismissal);
- Appellant actively prosecuted the case (moving for summary reversal);
- The brief is complete is being filed as a separate document, per Court instructions; and
- No prejudice has befallen Appellees.

The equities in *Radici* pale compared to those favoring Dr. Aslan.

**C. Public Policy Demands Resolution on the Merits**

5

Dr. Aslan's appeal raises constitutional questions of the highest order: whether an Article I bankruptcy court exceeded its jurisdiction under *Marshall v. Marshall*, 547 U.S. 293 (2006), by nullifying a final state court trust adjudication; whether a contempt finding violated *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), where "fair ground of doubt" existed; and whether due process was violated when Article III oversight surrendered to Article I overreach. These issues implicate the separation of powers, federalism, and the Fourteenth Amendment's Due Process Clause. Public policy overwhelmingly favors adjudication on the merits, not procedural dismissal. *Henderson*, 779 F.2d at 1423.

This case is unique in the annals of Subchapter V bankruptcy: it has persisted for seven years, the longest such proceeding on record. Dr. Aslan— a doctor who innocently acquired property through lawful grant deeds—has been denied justice for years. To dismiss his appeal now, on a technicality, would compound the systemic failures that have plagued this case and deny him the Article III review the Constitution guarantees.

### D. Compliance with Federal Rules of Appellate Procedure

This motion complies with Federal Rule of Appellate Procedure 27, which requires motions to "state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." Fed. R. App. P. 27(a)(2)(A). Appellant is ready to comply with Federal Rule of Appellate Procedure 31, governing brief-filing timelines, by submitting the opening brief as a separate document per court instructions (it was previously filed as an attachment to an earlier iteration of this motion). Fed. R. App. P. 31(a)(1).

### III. REQUEST FOR RELIEF

I implore this Honorable Court, with utmost respect and humility, to exercise its discretion under Ninth Circuit Rule 42-1 and reinstate this appeal. The circumstances do not reflect willful disregard, but a good faith administrative error in a case of profound constitutional importance. Dr. Aslan has been "out in the cold" for several years, denied the due process protections the Supreme Court demands. He deserves his day before this Article III tribunal.

WHEREFORE, Appellant respectfully requests that this Court:

1. Reinstate the appeal in Case No. 25-3841;

2. Grant Appellant the filing of the opening brief, which has been filed as a separate document pursuant to Court instructions;

3. Set a briefing schedule for Appellees' responsive brief and any reply, consistent with Federal Rule of Appellate Procedure 31; and

4. Grant such other and further relief as the Court considers fair and consistent with the interests of justice.

## IV. CONCLUSION AND HEARTFELT APPEAL TO THE COURT

Your Honor, I close with candor and contrition. This Court's time is precious, and its docket is heavy. I regret any inconvenience caused by the missed deadline. However, I argue that dismissal here would be "harsher than necessary," *Radici*, 217 F.3d at 746, and would deny Dr. Aslan the merits adjudication that public policy favors. *Henderson*, 779 F.2d at 1423. There has been no intent to hindering an unwavering commitment to quick resolution and the vindication of constitutional rights.

7

  Dr. Aslan is a healer who now seeks healing from this Court.  For several years, he has endured a Kafkaesque ordeal in which his lawful property rights were voided by an Article I court lacking jurisdiction.  He asks only for what the Constitution promises: due process, Article III oversight, and a fair hearing.  I humbly beg this Court to grant that opportunity by reinstating his appeal.

  Thank you for your patience, your consideration, and your service to justice.

Respectfully and sincerely submitted,

  <u>/s/ Vip Bhola</u>
Vip Bhola (SBN 183980)
The Law Office Vip Bhola
5429 Cahuenga Blvd., Suite 101
North Hollywood, CA 91601
T: (818) 347-5297
E: vbhola@icloud.com
  *Attorneys for Plaintiff-Appellant*
*Dr. Mehmet Veli Aslan, M.D.*

## CERTIFICATE OF SERVICE

 I certify that on October 27, 2025, I electronically filed the foregoing Motion to Reinstate Appeal with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

 /s/ Vip Bhola

Vip Bhola

# DECLARATION OF VIP BHOLA IN SUPPORT OF MOTION TO REINSTATE APPEAL

I, Vip Bhola, declare:

1. I am an attorney duly licensed to practice law in the State of California, State Bar Number 183980. I am counsel of record for Plaintiff-Appellant Dr. Mehmet Veli Aslan, M.D., in the above-captioned appeal. I have personal knowledge of the facts in this declaration and, if called as a witness, could and would competently testify thereto.

2. On July 10, 2025, Dr. Aslan timely filed a Notice of Appeal from the District Court's denial of his Rule 60(b) motion in Case No. 2:24-cv-02762-WLH-SK (C.D. Cal.).

3. On 06/27/2025, I filed on behalf of Dr. Aslan a Motion for Summary Reversal with this Court, showing active prosecution of this appeal and the urgent nature of the constitutional issues.

4. Since the filing of the Notice of Appeal, I have been working on preparing the opening brief for Dr. Aslan.

5. The opening brief is being filed as a separate document pursuant to Court instructions.

6. As is my practice with any appellate brief, I have done the final proofreading and made certain of compliance with verification with Ninth Circuit Rules 28-1, 28-2.2, and 32-1 before attaching it.

7. I made an administrative error in calculating the due date for the opening brief. This error resulted from a calendaring mistake in my office, compounded by me simultaneously handling multiple complex deadlines in the related bankruptcy proceedings (*In re Mazgani*, Bankr. C.D. Cal. No. 2:19-bk-21655-BR), which have been ongoing for seven years.

8. The error in calculating the brief due date was not intentional, and there has been no intent on my part or on behalf of Dr. Aslan to delay these proceedings or hinder this Court's processes.

9. On October 20, 2025, I received the Court's Order dismissing the appeal under Ninth Circuit Rule 42-1 for failure to file a timely opening brief. A true and correct copy of that Order is attached to the Motion to Reinstate Appeal as Exhibit A.

10. After receiving the dismissal order on October 20, 2025, I immediately began preparation of this Motion to Reinstate Appeal. It was rejected by the Court, with instructions to make certain corrections, which I have done, and am submitting it herein.

11. The opposing party claims to have submitted a Request for Judicial Notice of 8 voluminous documents, that would have been hundreds if not thousands of pages. However, all I received was a bare 2 page proposed Order [DOC 17-1] regarding their Request for Judicial Notice, which I attach hereto as Exhibit B. As can be seen, this document is numbered page 463 and 464.

12. The next document filed is DOC 18, which starts with page number 465 and ends with 479.

13. I am proceed with the separately filed opening brief.

14. To my knowledge, no responsive brief has been filed or is due in this matter.

15. To my knowledge, Defendants-Appellees Nazanin Mazgani and Neyaz Mazgani have not been prejudiced or harmed by the brief delay in filing the opening brief, as the dismissal occurred only a week ago and no briefing schedule has been disrupted.

16. The underlying bankruptcy case, *In re Mazgani*, Case No. 2:19-bk-21655-BR, was filed on October 18, 2019, and remains pending as a Subchapter V proceeding as of this declaration, making it a seven-year bankruptcy case.

17. To the best of my knowledge and research, this is the longest-running Subchapter V bankruptcy proceeding on record.

18. I have reviewed the Motion to Reinstate Appeal filed concurrently with this declaration and confirm that all factual statements therein are true and correct to the best of my knowledge.

19. I make this declaration supporting Dr. Aslan's Motion to Reinstate Appeal and respectfully request that this Court exercise its discretion to reinstate the appeal and permit filing of the opening brief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of 2025, at North Hollywood, California.

/s/ Vip Bhola

**VIP BHOLA**

Case: 25-3841, 10/27/2025, DktEntry: 17.1, Page 13 of 18

# EXHIBIT A

FILED

OCT 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MEHMET VELI ASLAN, MD, an individual,

       Plaintiff - Appellant,

v.

NAZANIN MAZGANI, an individual; et al.,

       Defendants - Appellees.

No. 25-3841

D.C. No. 2:24-cv-02762-WLH-SK
Central District of California, Los Angeles

ORDER

Appellant did not file the opening brief by the due date. This appeal is therefore dismissed. *See* 9th Cir. R. 42-1.

This order becomes the mandate of the court in 21 days.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MEHMET VELI ASLAN, M.D., an individual, | Case No.: 2:24-cv-02762- WLH |
| Plaintiff, | [Assigned to Hon. Wesley L. Hsu] |
| v. | [PROPOSED ORDER] DEFENDANTS NAZANIN MAZGANI AND NEYAZ MAZGANI'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT |
| NAZANIN MAZGANI, an individual; NEYAZ MAZGANI, an individual; CLEMENTE R CUEVAS, an individual; and DOES 1-10, inclusive, | |
| Defendants. | |

On April 26, 2024, Defendants Nazanin Mazgani and Neyaz Mazgani (Defendants) filed with the Court a Joint Motion to Dismiss the Plaintiff's Complaint. In addition, Defendants filed a Request for Judicial Notice.

The Court, having considered Defendants' Motion and finding good cause therefor, hereby GRANTS the Request for Judicial Notice and ORDERS as follows:

1

**Exhibit A:** Certified Copy of an Order by Judge Russell in Bk case no. 2:19-bk-21655-BR Holding Kevin Moda in Contempt for His Continued and Willful Violation of the Automatic Stay, recording number 20240227839 from the Recorder's Office in Los Angeles County.

**Exhibit B:** Judgment in *Mazgani v. Hoffman La Brea*, LASC Case no. BC607465.

**Exhibit C:** Notice of Reinstatement of Appeal in BC607465 by the Court of Appeals.

**Exhibit D:** Kevin Moda's Notice of Motion and Motion for Relief From the Automatic Stay in Bk Case no. 2:19-bk-21655-BR.

**Exhibit E:** January 19, 2024 Order in Bk case no. 2:19-bk-21655-BR, Granting Debtor's Motion for Damages and Sanctions Against Kevin Moda and Vipan K. Bhola for Willful Violation of the Automatic Stay.

**Exhibit F:** The two recorded Grant Deeds executed by Kevin Moda transferring title to real properties located 141 South Clark Drive, Apt 320, Los Angeles, CA 90048 and 10950- 10954 Massachusetts Avenue, Los Angeles, CA 90024 to Plaintiff Mehmet Aslan, M.D. in violation of the automatic stay in Bk case no. 2:19-bk-21655-BR.

**Exhibit G:** Attorney Jim Selth's Application for Order to Show Cause Why Kevin Moda Should Not be Held in Contempt for His Willful Violation of the Automatic Stay; Declarations of Mahvash Mazgani and Neyaz Mazgani in Support in Bk case no. 2:19-bk-21655-BR.

**Exhibit H:** The recorded Grant Deeds that show Mahvash Mazgani is the true owner of real properties located at 141 South Clark Drive, Apt 320, Los Angeles, CA 90048 and 10950- 10954 Massachusetts Avenue, Los Angeles, CA 90024.

**IT IS SO ORDERED**

Dated: _____

                                          HON. WESLEY L. HSU
                                          UNITED STATES DISTRICT JUDGE

2

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** | 25-3841

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

> Honorable Wesley L. Hsu
> First Street Courthouse, 350 W. 1st
> Street, Courtroom 9B, 9th Floor, Los
> Angeles, California 90012

**Description of Document(s)** *(required for all documents)*:

> Motion to Reinstate Appeal

**Signature** | s/ [Vip Bhola]  **Date** | 10/27/2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 15**  *Rev. 12/01/2018*